NOT FOR PUBLICATION                                                     CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., | : Hon. Faith S. Hochberg |
| Plaintiff, | : Civil No. 11-2545 (FSH) (PS) |
| v. | : **ORDER** |
| SHIVRAJ, INC., *et al.*, | : Date: August 16, 2011 |
| Defendants. | |

**HOCHBERG, District Judge:**

      This matter comes before the Court upon plaintiff's motion for default judgment against defendants Shivraj, Inc., Nirmala Patel, and Indrajit Patel pursuant to Federal Rule of Civil Procedure 55(b)(2); and

      it appearing that plaintiff filed the instant action against defendants on May 4, 2011, alleging that defendants had breached their obligations under a franchise agreement between the parties and that the franchise agreement had been prematurely terminated, and alleging that the individual defendants, Nirmala Patel and Indrajit Patel had breached a personal guaranty; and defendants having been served on May 24, 2011 and having failed to answer or appear in this action in any manner; and default having been entered against defendants on June 21, 2011; and plaintiff having provided defendants with written notice of their default; and defendants having failed to respond to the instant motion and the time for such response having elapsed; and plaintiff seeking damages in the form of recurring fees, liquidated damages, prejudgment interest,

and attorney's fees and costs as a result of the breach and premature termination of the franchise agreement between plaintiff and defendants and as a result of the breach of the guaranty between plaintiff and the individual defendants; and plaintiff's submissions having been considered pursuant to Federal Rule of Civil Procedure 78; and

it appearing that plaintiff seeks liquidated damages in an amount equal to the sum of accrued royalties and system assessment fees (together "Recurring Fees") during the 36 calendar months immediately preceding the termination of the franchise agreement, including payment of plaintiff's applicable taxes, not to be less than the product of $2,000 times the number of rooms (117) for a total of $234,000, plus $1,000 in liquidated damages for the early termination of an addendum to the franchise agreement for the provision of satellite services; and

it appearing that plaintiff has not adduced sufficient proofs that the provision requiring the liquidated damages to be $2,000 multiplied by the number of guest rooms is reasonable;[1] and

it appearing that plaintiff is capable of calculating its damages based on the actual Recurring Fees during the 36 calendar months immediately preceding the termination of the franchise agreement; and

---

[1] A liquidated damages clause is valid under New Jersey law only if it is reasonable. Wasserman's Inc. v. Middletown, 137 N.J. 238, 249 (1994). To determine whether the provision is reasonable, the Court shall consider whether the amount is a reasonable forecast of just compensation for the harm that is caused by the breach and whether that harm is "incapable or very difficult of accurate estimate." Id. at 250. Plaintiff has not provided sufficient proof that the liquidated damage provision requiring defendants to pay no less than $2,000.00 per guest room is a reasonable forecast of damages. The average monthly fees during the period that the hotel operated were approximately $3,943 per month. Thus, the provision does not bear a sufficiently reasonable relationship to the pecuniary harm plaintiff would have likely suffered in the event of a breach. See Howard Johnson Int'l Inc. v. HBS Family, Inc., 96 Civ. 7687 (SS), 1998 WL 411334, at * 8 (S.D.N.Y. 1998) (holding that a liquidated damages provision of $2,000 per room was an impermissible penalty because it was not related to the potential pecuniary harm).

it appearing that the actual Recurring Fees during the 36 months preceding the termination of the franchise agreement totaled $142,662.60; and

it therefore appearing that the liquidated damages clause is not reasonable in this case; and

it appearing that the alternative measure of liquidated damages in the amount of the sum of Recurring Fees during the 36 calendar months immediately preceding termination, including payment of plaintiff's applicable taxes, is reasonable;

**IT IS** on this 16th day of August 2011,

**ORDERED** that plaintiff has judgment against defendants Shivraj, Inc., Nirmala Patel, and Indrajit Patel, jointly and severally, in the total amount of $266,774.85.  This amount consists of $55,123.31 in Recurring Fees and prejudgment interest on those fees, $205,441.44 in liquidated damages and prejudgment interest on the liquidated damages, and $6,210.10 in attorney's fees and costs.  The liquidated damages amount equals the sum of the accrued Recurring Fees during the 36 full calendar months immediately preceding the termination of the franchise agreement, $142,662.60, plus $1,000 in liquidated damages under an addendum to the franchise agreement for satellite connectivity services, plus prejudgment interest of $61,778.85 calculated at the rate of 1.5% per month from March 27, 2009 through the date of this order.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.